IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NATHAN DANIEL DUNHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-cv-622-GMB |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Nathan Daniel Dunham commenced this action on January 11, 2016, seeking judicial review of a final adverse decision of the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits under Title II of the Social Security Act. Doc. 1.  Dunham alleges disability as of October 3, 2012 due to various back and right upper extremity problems, bladder issues, migraine headaches, and mental impairments. Doc. 15 at 2.  On April 21, 2015, following a hearing at which Dunham testified, the Administrative Law Judge ("ALJ") issued an adverse decision finding that Dunham was not disabled within the meaning of the Social Security Act. Doc. 16-2.  On June 26, 2015, the Appeals Council denied Dunham's request for review, and the ALJ's decision became the final decision of the Commissioner. Doc. 16-2.

The case is ripe for review pursuant to 42 U.S.C § 405(g).  The parties have consented to the entry of a final judgment by the undersigned United States Magistrate

Judge pursuant to 28 U.S.C. § 636(b) and Rule 73.1 of the Local Rules for the United States District Court for the Middle District of Alabama. Docs. 10 & 11.  Based upon a review of the record and the relevant authority, the court finds that, for the reasons stated below, the Commissioner's decision is due to be REVERSED and this case REMANDED to the Commissioner for further proceedings consistent with this opinion.

## I.  STANDARD OF REVIEW

The court reviews a social security case to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997).  The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (internal quotation marks omitted).  Indeed, the court must affirm the Commissioner's decision "if it is supported by substantial evidence and the correct legal standards were applied." *Kelly v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

"Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Jones ex rel. T.J.J. v. Astrue*, 2011 WL 1706465, at *1 (M.D. Ala. May 5, 2011) (citing *Lewis*, 125 F.3d at 1440).  The court must scrutinize the entire record to determine the reasonableness of the decision reached. *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir.

1987).  "If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as a finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision." *Jones*, 2011 WL 1706465 at *2 (citing *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991)).  The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991); *Jones*, 2011 WL 1706465 at *2 (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).  There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i) & 423(d)(1)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medially acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  Dunham bears the burden of proving that he is disabled, and he is responsible for producing evidence to support his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

3

Determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a) (2012).   Specifically, the Commissioner must determine in sequence:

(1)  Is the claimant presently unemployed?
(2)  Is the claimant's impairment severe?
(3)  Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4)  Is the claimant unable to perform his or her former occupation?
(5)  Is the claimant unable to perform any other work within the economy?

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).   "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.   A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (quoting 20 C.F.R. §§ 416.920(a)−(f)).   "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

### III. DISCUSSION

Dunham presents two issues for the court's review: (1) whether the ALJ erred by failing to give "great weight" to the 100% service-connected disability rating assigned to Dunham by the Department of Veterans Affairs ("VA"); and (2) whether the ALJ erred by failing to give proper weight to the opinions of two of Dunham's treating physicians, Drs. Maria Rosario Cumagun and Michael G. Gibson.   For the reasons that follow, the court finds that the ALJ's decision is due to be reversed and remanded on the first issue of whether the ALJ assigned proper weight to the 100% service-connected disability

rating assigned to Dunham by the VA.  In light of this remand, the court pretermits a discussion and decision on the second issue of whether the ALJ properly considered the opinions of Dunham's treating physicians, Drs. Cumagun and Gibson.

"The SSA regulations provide a decision by any nongovernmental or governmental agency concerning whether an individual is disabled, based on that agency's own rules, does not constitute an SSA decision regarding whether that individual is disabled." *Ostborg v. Comm'n of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) (citing 20 C.F.R. § 404.1504).  Still, a VA rating, while not binding on the Commissioner, "is evidence that should be considered and is entitled to great weight." *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981);[1] *see also Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984).

There is no dispute that the VA assigned Dunham a service-connected disability rating of 100% on January 15, 2014. Doc. 16-5.  It is also apparent to the court, based upon a review of the ALJ's thorough decision, that the ALJ carefully considered Dunham's claims.  Nevertheless, with respect to Dunham's VA rating, the ALJ gave it "little weight," stating

> The disability determination processes utilized by the Department of Veterans Affairs and the Social Security Administration are fundamentally different.  Department of Veterans Affairs does not make a function-by-function assessment of an individual's capabilities (i.e., determine the claimant's residual functional capacity) or determine whether the claimant is able to perform either his past relevant work or other work that exists in significant numbers in the national economy as is required by the Regulations.  Thus, a disability rating by the Department of Veterans

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

> Affairs is of little probative value in these proceedings.   Therefore, the undersigned has given that rating little weight.

Doc. 16-2 at 24.  The court finds that the ALJ erred in reaching this decision.

As stated above, even though a VA decision is not binding on the Commissioner, it is evidence that should be given "great weight." *See, e.g.*, *Brady*, 724 F.2d at 921; *see also* 20 C.F.R. § 404.1504 (providing that other government agency decisions about a person's disability status based on that agency's own rules are not binding on the Administration).  Here, the ALJ expressly stated that he gave Dunham's VA disability rating "little weight," unequivocally demonstrating to the court that the ALJ did not follow proper legal standards in resolving Dunham's disability claim because he failed to afford Dunham's VA disability rating "great weight."

This very issue was addressed recently by this court and the Eleventh Circuit Court of Appeals.  In *Gray v. Colvin*, an ALJ considered a 100% disability rating from the VA but ultimately assigned it "little weight." 2016 WL 5660686, at *1–4 (M.D. Ala. Sept. 28, 2016).  The district court held that by assigning the claimant's VA disability rating "little weight," the ALJ committed "legal error in and of itself" sufficient to warrant remand to the Commissioner to reconsider the claimant's disability after affording "great weight" to the VA's disability rating. *Id.* at *4.  The Eleventh Circuit reached a similar conclusion in *Brown-Gaudet-Evans v. Commissioner of Social Security*, 2016 WL 7157976, at *1 (11th Cir. Dec. 8, 2016).  In that case, the ALJ expressly considered the VA rating but gave it "little weight" because the VA employs different criteria for deciding whether an individual is disabled. *Id.*  Finding that the ALJ erred in

6

reaching that decision, the court explained that although "[i]t is not disputed that the VA's disability determination relies on different criteria than the SSA's determination . . . that does not mean that the ALJ can . . . give it little weight." *Id.* (internal quotation marks omitted).

The court finds both of these cases persuasive.  The ALJ gave Dunham's 100% service-connected disability rating "little weight" for no reason other than that the VA uses different criteria than the SSA to determine disability.  This fact alone is not a specific reason that the ALJ can give for discounting the weight assigned to a VA disability determination.[2] *See Hogard v. Sullivan*, 733 F. Supp. 1465, 1468 (M.D. Fla. 1990) ("The ALJ's perfunctory rejection of the VA disability rating as based on different criteria from Social Security disability determinations does not indicate that he accorded it great weight as required by the case law.").  Consequently, because the ALJ assigned a legally insufficient weight to Dunham's VA disability rating, the ALJ's decision denying Dunham benefits must be reversed.

"On remand, the ALJ is not required to give the VA's disability determination controlling weight." *Id.*  However, in determining whether Dunham is disabled, the ALJ "must seriously consider and closely scrutinize the VA's disability determination and

---

[2] The Commissioner argues that the ALJ gave specific reasons for discounting the weight given to Dunham's VA disability rating when he noted in his decision that the VA, unlike the SSA, does not determine an individual's residual functional capacity, or whether an individual is able to perform past relevant work or work that exists in significant numbers in the national economy. Doc. 15.  In reality, however, those specific "reasons" are simply more detailed examples of how the criteria used to determine disability differs between the VA and the SSA, which is the only reason given by the ALJ for discounting Dunham's VA disability rating. *Cf. Burden v. Colvin*, 2015 WL 1245195 at *6 (N.D. Ala. Mar. 18, 2015) (finding that the ALJ, who highlighted multiple specific contradictions between VA disability rating and the evidence contained in the claimant's medical records, provided sufficient reasons for assigning little weight to VA disability rating).

must give specific reasons," apart from the differing disability standards used by the VA and the SSA, if the ALJ discounts that determination. *Id.* (citing *Rodriguez*, 640 F.2d at 686).

Finally, the court declines Dunham's request to remand this case with an award of benefits. Doc. 12.   Because the VA's disability rating is not binding on the Commissioner, *see Brady*, 724 F.2d at 921, it is not a certainty that Dunham is entitled to an award of benefits based solely due to the VA's determination that he is 100% disabled. The court will not award benefits where it is possible that the ALJ might reach an adverse decision even after assigning "great weight" to the VA's disability rating.

### IV.  CONCLUSION

Accordingly, it is ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is REVERSED and the case is REMANDED to the Commissioner for additional proceedings consistent with this opinion.

A final judgment will be entered separately.

DONE this 19th day of January, 2017.

_____
          /s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE